IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JASON TURNER                                                               PETITIONER

VS.                                           CIVIL ACTION NO. 3:09cv228-DPJ-JCS

STATE OF MISSISSIPPI, et al.                                    RESPONDENTS

## **REPORT AND RECOMMENDATION**

This cause is before the court on the petition for writ of habeas corpus filed by Jason Turner and Respondent's motion to dismiss the petition as untimely. Petitioner has failed to respond to the motion. Having considered the motion, the undersigned recommends that the motion be granted and the petition be dismissed with prejudice.

Petitioner was convicted of two counts of the sale of cocaine in the Circuit Court of Simpson County, Mississippi. He was sentenced to serve a term of ten years on each count, said sentences to be served consecutively. The Mississippi Court of Appeals affirmed Turner's conviction and sentence on February 27, 2007. Turner failed to seek discretionary review in state court by filing a petition for rehearing. He filed his § 2254 petition with this court on or after March 31, 2009.[1]

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for petitions for writs of habeas corpus under section 2254:

---

[1] Under the "mailbox rule," a prisoner's *pro se* federal habeas petition is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court. *Coleman v. Johnson*, 184 F.3d 401 (5th Cir. 1999). Thus, Turner's petition was "filed" sometime between the date it was signed, March 31, 2009, and the date it was received and filed by the district court, April 8, 2009.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Because Turner ended his appeal process by failing to seek review of the court of appeals' decision, his conviction became final when his time for seeking review expired. 28 U.S.C. § 2244(d)(1)(A); *see also Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Under Miss. R. App. P. 40(a), Petitioner had fourteen days after the entry of judgment by the court of appeals in which to seek further review by filing a petition for rehearing. Thus, his conviction became final on March 13, 2007 (fourteen days after February 27, 2007), and his one-year limitations period began to run on that day. He had one year from that date, or until March 13, 2008, in which to file for federal habeas relief, subject to tolling for any period during which a properly-filed motion for post-conviction

2

relief was pending in the state court. Turner filed a state court application for post-conviction relief on February 22, 2008. It was denied on April 2, 2008. Thus, the statute was tolled for 42 days. Turner's period for filing a habeas petition expired on or before April 24, 2008 (42 days after March 13, 2008 ). Therefore, his habeas petition was filed nearly one year too late.

For these reasons, the undersigned recommends that the motion to dismiss be granted and the petition be dismissed with prejudice. The parties are hereby notified that failure to file written objections to the findings and recommendations contained in this report within ten days of being served with a copy hereof will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; *Douglass v. United Service Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 12th day of November, 2009.

/s/ James C. Sumner

UNITED STATES MAGISTRATE JUDGE