UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JASON TURNER                                                                                    PETITIONER

V.                                                               CIVIL ACTION NO. 3:09CV228 DPJ-JCS

STATE OF MISSISSIPPI, ET AL.                                                          RESPONDENTS

## ORDER

This cause is before the Court on the Report and Recommendation of Magistrate Judge James C. Sumner. Respondents filed a motion to dismiss Turner's petition for writ of habeas corpus with prejudice as untimely, and Turner failed to respond. Judge Sumner recommended granting Respondents' motion and dismissing Turner's petition.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for petitions for writs of habeas corpus under § 2254:

> (1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court, and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Turner was convicted of two counts of the sale of cocaine in the Circuit Court of Simpson County, Mississippi, and sentenced to serve ten years on each count. The

Mississippi Court of Appeals affirmed Turner's conviction and sentence on February 27, 2007. Turner did not seek review of the court of appeals' decision.

Judge Sumner found that Turner's conviction became final when his time for seeking review of the court of appeals' decision expired on March 13, 2007, and his one-year limitations period began to run on that date. Turner then filed a state court motion for post-conviction relief on February 22, 2008, which was denied on April 2, 2008. Pursuant to § 2244(d), the state court motion tolled time period for filing a petition for writ of habeas corpus for 42 days. As such, Turner's one-year expired on April 24, 2008 (42 days after March 13, 2008). His federal habeas petition, filed on or about March 31, 2009, is untimely.

Turner filed objections to the Report and Recommendation. It is difficult to make out Turner's argument, but Turner takes issue with Judge Sumner's finding that he did not seek discretionary review in state court. Turner claims that he believed his court-appointed attorney would be handling the petition for rehearing. He asserts that he did not know that his attorney was no longer representing him until February 4, 2008, when Turner's last letter was returned. Objection at 4. Turner insists that he "should not be held responsible for the Direct Appeal not being filed." *Id.* In what appears to be an attempt to tie this argument to the untimeliness of the instant petition, Turner states that his counsel "failed to exhaust state court remedy" and he "had no knowledge for Ten (10) Months and twenty-three (23) days of counsel decision to file Notice of discretionary review are writ of cert to the Mississippi Supreme Court of Appeals, until petitioner letter 'exhibit c' was returned [sic]." *Id.* at 5.

First, when Judge Sumner considered the timeliness of the federal petition, Turner was not penalized for not seeking discretionary review. Judge Sumner merely started the clock on

Turner's one-year limitation period when the time for seeking discretionary review expired on March 13, 2007. Second, even if the Court were to infer and accept an equitable tolling argument, which appears dubious on this record, Turner's petition would still be untimely.

"Equitable tolling of the § 2244(d) time-bar is permitted only in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). "If a petitioner reasonably relies on affirmative misrepresentations by counsel, he may be entitled to equitable tolling." *United States v. Saenz-Lopez*, No. 09-10281, 2010 WL 183408, at *1 (5th Cir. Jan. 19, 2010) (granting certificate of appealability in case where the defendant claimed he did not file a § 2255 motion until five years after his conviction because he was under the mistaken belief that his attorney had filed a motion on his behalf); *see also United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (finding allegation that the defendant was "deceived by his attorney into believing that a timely § 2255 motion had been filed on his behalf" presented rare and extraordinary circumstances). "Equitable tolling should only be applied if the applicant diligently pursues § 2254 relief." *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).

It is not evident from his objection that Turner actually seeks equitable tolling of the limitations period during the time he thought his attorney was seeking review of the court of appeals' decision. But, assuming he is making such an argument, this is not a case where Turner's counsel made affirmative misrepresentations. In his letter dated March 2, 2007, Turner's counsel, Daniel Christopher Jones, informed him that he has reviewed the case and "found absolutely nothing that we could do to change the verdict of your case" or "to change the decision of the Court of Appeals." Exhibit A to Obj. Jones explained, "as you know, I am appointed to represent you, and did consider filing a writ of cert to the Mississippi Supreme

3

Court; however, you, as an indigent defendant, do not have the right to appointed counsel on seeking a writ of cert from the Supreme Court." *Id.* Jones closed the letter by inviting Turner to write him back with any ideas he may have. *Id.*[1] A review of the letter does not support application of equitable tolling based on attorney misrepresentation. Jones did not represent in this letter that he had filed for review with the court of appeals and he did advise Turner that he no longer had a right to appointed counsel. This is the only communication from Jones that Petitioner has presented. Moreover, Turner did not diligently pursue § 2254 relief, waiting almost one year after his motion for post-conviction relief in state court was denied to file his federal petition.

Finally, even if the Court were to toll the limitations period for "Ten Months (10) and twenty-three (23) days," Objection at 5, the petition would still be untimely. It is not entirely clear where Petitioner comes up with this figure, ten months and twenty-three days. In any event, Judge Sumner concluded that Turner's petition was due on or before April 24, 2008. Turner filed this petition over eleven months later on March 31, 2009.

In sum, Petitioner's objections are not well-taken. The Court finds that the Report and Recommendation of Magistrate Judge James C. Sumner should be adopted as the opinion of this Court. Respondent's motion to dismiss is granted.

---

[1] Turner also attached copies of two of his letters back to Jones to his objections. Turner sent one letter on March 6, asking Jones to come see him. Turner wrote a second letter on January 29, 2008, requesting documents; this second letter was returned to Turner and allegedly alerted Turner that Jones was no longer representing him.

IT IS, THEREFORE, ORDERED that the Report and Recommendation of United States Magistrate Judge James C. Sumner be, and the same is hereby, adopted as the finding of this Court, and the same entire action should be dismissed with prejudice.

A separate judgment will be entered herein in accordance with the Order as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED** this the 22nd day of February, 2010.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE